# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **DATA ENGINE TECHNOLOGIES LLC** | § Civil Action No.: 6:13-cv-00580 |
| | § |
| | § JURY TRIAL DEMANDED |
| | § |
| **Plaintiff,** | § |
| v. | § |
| | § |
| **SAP AMERICA, INC. and SAP AG** | § |
| | § |
| | § |
| **Defendants.** | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Data Engine Technologies LLC ("Data Engine") files this Original Complaint for patent infringement against Defendants SAP America, Inc., and SAP AG (collectively "SAP").

## PARTIES

1.   Plaintiff Data Engine Technologies LLC is a limited liability company existing under the laws of Texas with its principal place of business at 6136 Frisco Square Blvd., Suite 385, Frisco, Texas 75034.

2.   Defendant SAP America, Inc. is a corporation existing under the laws of Delaware with its principal place of business located at 3999 West Chester Pike, Newton Square, Pennsylvania, 19073. It can be served through its agent for service: CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

3.   Defendant SAP AG is a corporation existing under the laws of the country of Germany having its headquarters at Dietmar-Hopp-Allee 16, 69190 Walldorf, Germany.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code.

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).

7.      Upon information and belief, SAP America, Inc. has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

8.      Upon information and belief, SAP AG has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

## FACTS

9.      On June 12, 2001, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 6,247,020 ("the '020 patent"), entitled "Development System with Application Browser User Interface." Data Engine holds all right, title, and interest in and to the '020 patent.

10.     Upon information and belief, SAP makes, uses, sells, offers for sale, and/or imports into the State of Texas, in this judicial district, and elsewhere within the United States, software that infringes the '020 patent.

11.     On May 22, 2001, the USPTO duly and legally issued United States Patent No. 6,237,135 ("the '135 patent"), entitled "Development System with Visual Design Tools for Creating and Maintaining Java Beans Components." Data Engine holds all right, title, and interest in and to the '135 patent.

12. Upon information and belief, SAP makes, uses, sells, offers for sale, and/or imports into the State of Texas, in this judicial district, and elsewhere within the United States, software that infringes the '135 patent.

13. On February 11, 1997, the USPTO duly and legally issued United States Patent No. 5,603,025 ("the '025 patent"), entitled "Methods for Hypertext Reporting in a Relational Database Management System." Data Engine holds all right, title, and interest in and to the '025 patent.

14. Upon information and belief, SAP makes, uses, sells, offers for sale, and/or imports into the State of Texas, in this judicial district, and elsewhere within the United States, software that infringes the '025 patent.

15. On October 24, 1995, the USPTO duly and legally issued United States Patent No. 5,461,708 ("the '708 patent"), entitled "Systems and Methods for Automated Graphing of Spreadsheet Information." Data Engine holds all right, title, and interest in and to the '708 patent.

16. Upon information and belief, SAP makes, uses, sells, offers for sale, and/or imports into the State of Texas, in this judicial district, and elsewhere within the United States, software that infringes the '708 patent.

## COUNT I: INFRINGEMENT OF THE '020 PATENT

17. Data Engine incorporates the foregoing paragraphs as if fully set forth here.

18. SAP has been and is now directly infringing the method claims of the '020 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing software, including

the software application NetWeaver Cloud SDK, covered by one or more method claims of the '020 patent, all to the injury of Data Engine.

19. In addition and/or in the alternative, SAP has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of the method claims of the '020 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing software, including the software application NetWeaver Cloud SDK, covered by one or more method claims of the '020 patent, all to the injury of Data Engine. In the case of such infringement, the users of the software are the direct infringers of the '020 patent.

20. Data Engine intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding relative to pre-suit infringement and/or post-suit infringement of the '020 patent.

21. Data Engine has been damaged by SAP's infringement of the method claims of the '020 patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless SAP is permanently enjoined from infringing the method claims of the '020 patent.

22. At least as early as its receipt of this Original Complaint, SAP has had knowledge of the '020 patent and written notice of the infringement.

### COUNT II: INFRINGEMENT OF THE '135 PATENT

23. Data Engine incorporates the foregoing paragraphs as if fully set forth here.

24. SAP had actual knowledge of the '135 patent no later than March 2, 2011. On October 2, 2012, the USPTO issued United States Patent No. 8,281,283 ("the '283 patent"). SAP was the original assignee of the '283 patent and received that assignment prior to or on August

28, 2007. On March 2, 2011, the examiner identified the '135 patent in a notice of references. On or around March 2, 2011, SAP had actual notice of the '135 patent.

25. SAP has been and is now directly infringing the method claims of the '135 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing software, including the software application NetWeaver Cloud SDK, covered by one or more method claims of the '135 patent, all to the injury of Data Engine.

26. In addition and/or in the alternative, SAP has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of the method claims of the '135 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing software, including the software application NetWeaver Cloud SDK, covered by one or more method claims of the '135 patent, all to the injury of Data Engine. In the case of such infringement, the users of the software are the direct infringers of the '135 patent.

27. SAP's acts of infringement have been willful, deliberate, and in reckless disregard of Data Engine's patent rights, and will continue unless permanently enjoined by this Court.

28. Data Engine has been damaged by SAP's infringement of the method claims of the '135 patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless SAP is permanently enjoined from infringing the method claims of the '135 patent.

29. At least as early as its receipt of this Original Complaint, SAP has had knowledge of the '135 patent and written notice of the infringement.

## COUNT III: INFRINGEMENT OF THE '025 PATENT

30. Data Engine incorporates the foregoing paragraphs as if fully set forth here.

31. SAP had actual knowledge of the '025 patent no later than October 1, 2002. On October 1, 2002, the USPTO issued United States Patent No. 6,460,031 ("the '031 patent"). SAP was the original assignee of the '031 patent and received that assignment prior to or on October 1, 2002. The '025 patent is cited as a reference in the '031 patent. As a result, on or before October 1, 2002, SAP had actual notice of the '025 patent.

32. SAP has been and is now directly infringing the method claims of the '025 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing software, including the software application Business Objects Web Intelligence, covered by one or more method claims of the '025 patent, all to the injury of Data Engine.

33. In addition and/or in the alternative, SAP has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of the method claims of the '025 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing software, including the software application Business Objects Web Intelligence, covered by one or more method claims of the '025 patent, all to the injury of Data Engine. In the case of such infringement, the users of the software are the direct infringers of the '025 patent.

34. SAP's acts of infringement have been willful, deliberate, and in reckless disregard of Data Engine's patent rights, and will continue unless permanently enjoined by this Court.

35. Data Engine has been damaged by SAP's infringement of the method claims of the '025 patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless SAP is permanently enjoined from infringing the method claims of the '025 patent.

36. At least as early as its receipt of this Original Complaint, SAP has had knowledge of the '025 patent and written notice of the infringement.

### COUNT IV: INFRINGEMENT OF THE '708 PATENT

37. Data Engine incorporates the foregoing paragraphs as if fully set forth here.

38. SAP had actual knowledge of the '708 patent no later than September 26, 2008. On September 20, 2011, the USPTO issued United States Patent No. 8,024,666 ("the '666 patent"). SAP, through its subsidiary Business Objects Software, Ltd., was the original assignee of the '666 patent and the USPTO recorded an assignment of the '666 patent to Business Objects Software, Ltd. on November 8, 2007. On September 26, 2008, the examiner identified the '708 patent in a notice of references. On or around September 26, 2008, SAP, by means of its subsidiary, had actual notice of the '708 patent.

39. SAP has been and is now directly infringing the method claims of the '708 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing software, including the software applications Business Object Explorer and Sapphire Analyzer, covered by one or more method claims of the '708 patent, all to the injury of Data Engine.

40. In addition and/or in the alternative, SAP has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of the method claims of the '708 patent in the State of Texas, in this judicial district, and elsewhere

within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing software, including the software applications Business Object Explorer and Sapphire Analyzer, covered by one or more method claims of the '708 patent, all to the injury of Data Engine. In the case of such infringement, the users of the software are the direct infringers of the '708 patent.

41. SAP's acts of infringement have been willful, deliberate, and in reckless disregard of Data Engine's patent rights, and will continue unless permanently enjoined by this Court.

42. Data Engine has been damaged by SAP's infringement of the method claims of the '708 patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless SAP is permanently enjoined from infringing the method claims of the '708 patent.

43. At least as early as its receipt of this Original Complaint, SAP has had knowledge of the '708 patent and written notice of the infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Data Engine Technologies LLC prays for the following relief against Defendants SAP America, Inc. and SAP AG.

A. A judgment in favor of Data Engine that SAP has infringed, directly and/or indirectly by way of inducing infringement and/or contributing to the infringement of the method claims of Data Engine's '020, '135, '025, '708, and '757 patents;

B. A permanent injunction, enjoining SAP along with its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, and parents from infringing, inducing the infringement of, or contributing to the infringement of the method claims of Data Engine's '020, '135, '025, and '708, patents;

C. A judgment and order requiring SAP to pay Data Engine damage for SAP's infringement of the method claims of Data Engine's '020, '135, '025, and '708 patents, together with interest (both pre- and post-judgment), costs and disbursements as fixed by this Court under 35 U.S.C. § 284;

D. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Data Engine its reasonable attorneys' fees; and

E. Such other and further relief in law or in equity to which Data Engine may be justly entitled.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of any and all issues triable of right before a jury.

Dated: August 5, 2013

Respectfully submitted,

**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, P.C.**

*/s/ Amir H. Alavi*
Amir Alavi
Texas Bar No. 00793239
aalavi@azalaw.com
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@azalaw.com
Steven J. Mitby
Texas Bar No. 24037123
smitby@azalaw.com
Brian E. Simmons
Texas Bar No. 24004922
bsimmons@azalaw.com
1221 McKinney Street, Suite 3460
Houston, Texas 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062

T. John Ward, Jr.
Texas Bar No. 00794818
jw@wsfirm.com
Wesley Hill
Texas Bar No. 24032294
wh@wsfirm.com
WARD & SMITH LAW FIRM
1127 Judson Road
Suite 220
Longview, Texas 75601
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

ATTORNEYS FOR PLAINTIFF